¶ 35. While I agree with the majority's calculation of days pursuant to § 11-46-11 (3) and the relative remand of the case, I must dissent as to the majority's refusal to apply the discovery rule and its relative distinguishing of Staheli v. Smith,548 So.2d 1299 (Miss. 1989). Statutes of limitations generally are interpreted as subject to a rule of discovery. The citizenry is entitled to bring suit and be sued on such *Page 204 
a discovered claim. The State is an institutionalized entity of the citizenry. The State would not exist without citizens to comprise it. Hence, one may reason that the State is nothing more than an artificial citizen acting subject to the wills of the individuals which give it life. Why should we create an exception to the aforementioned general rule of interpretation simply because the State is a party to the discovered lawsuit? We should not.
¶ 36. Upon careful analysis, one definitively may glean from the record that access to the school campus was denied until October 8, 1995, on which date Merrill "discovered the whereabouts and content of the letter" from her children. The record does not specify if the letter was still posted on October 8. The State has the burden to show that the letter was not posted on such date as the State was responsible for the letter. Hence, the State has failed to meet such burden. If the letter was posted on October 8, and given the State's failure to prove otherwise one may presume that it was so posted, the conduct was ongoing; therefore, October 8 would be a statutorily viable date on which "tortious, wrongful, or otherwise actionable conduct" occurred. See § 11-46-11 (3).
¶ 37. Despite the majority's claims otherwise, Staheli is not distinguishable. While Staheli may have been grounded on statutory language different from that which is at issue here, the premise of secretiveness or undiscoverability is inherent in both cases. Indeed, if the letter was posted on October 8, the issue is not one of the "accrual" language of § 15-1-35 versus the language of § 11-46-11 (3), but of the ongoing actionable conduct. It is unreasonable and not balancing to, as stated by the majority, "keep the discovery rule out of libel claims arising under the MTCA" when "the Legislature, in [MTCA] § 11-46-11
(3), mandates that its statute of limitations is controlling" as to discoverable actionable conduct. Accordingly, while I concur in the result, I dissent as to the majority's refusal to apply the discovery rule to the MTCA. The State is a citizen and should be treated as such.
SULLIVAN, P.J., JOINS THIS OPINION.